UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY REAGH | ) | CASE NO. |
| 3313 S. Jasmine Ave. | ) | |
| Akron, Ohio 44319 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| GIESEN MANAGEMENT | ) | |
| ASSOCIATES, LLC | ) | |
| c/o Statutory Agent David Giesen | ) | |
| 3020 N. Wooster Avenue | ) | |
| Dover, OH 44622 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| DAVID GIESEN | ) | |
| 3020 N. Wooster Avenue | ) | |
| Dover, OH 44622 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Courtney Reagh, by and through counsel, for her Class and Collective Action

Complaint against Defendants Giesen Management Associates, LLC (hereinafter also referred to

as "Giesen Management"), and David Giesen (hereinafter also collectively referred to as

"Defendants"), states and alleges the following:

## INTRODUCTION

1.    Plaintiff brings this case to challenge the policies and practices of Defendants

Giesen Management and David Giesen that violate the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201-219, as well as the statutes and common law of the State of Ohio.

2.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §

216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may

be maintained against any employer … by any one or more employees for and in behalf of

[herself] or themselves and other employees similarly situated" (the "FLSA Collective").

3.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf

of herself and other members of a class of persons who assert factually-related claims under the

wage-and-hour statutes and common law of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiff's claims under the statutes

and common law of the State of Ohio because those claims are so related to the FLSA claims as

to form part of the same case or controversy.

6.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §

1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's

claims occurred here.

## PARTIES

7.     At all times relevant, Plaintiff Courtney Reagh was a citizen of the United States

and a resident of Summit County, Ohio.

8.     Defendant Giesen Management is a Colorado for-profit limited liability company[1]

with its principal place of business at 5303 S. Franklin Cir., Greenwood Village, Colorado.[2] [3]

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/3928870 (last accessed February 15, 2022).

[2] https://www.federalpay.org/paycheck-protection-program/giesen-management-associates-llc-greenwood-village-co (last accessed February 15, 2022).

2

According to records maintained by the Ohio Secretary of State, Defendant Giesen Management's Ohio statutory agent for service of process is David Giesen, 3020 N. Wooster Avenue, Dover, OH 44622.[4]

9.      Defendant David Giesen is, upon information and belief, an owner and operator of Defendant Giesen Management. Defendant David Giesen exercises daily operational control over Defendant Giesen Management's business operations, including making decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendants' Business

10.      Giesen Management is a "[r]estaurant management group with Slim Chickens, Dunkin', Arby's, and Freddy's Frozen Custard and Steakburgers brands."[5]

11.      Defendants utilize hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, in furtherance of their business purpose of operating their restaurant franchise locations.

### Defendants' Statuses as Employers

12.      At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. Chapter 4111 and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

---

[3] *See* https://www.linkedin.com/company/giesen-management-associates-llc (last accessed February 15, 2022).
[4] https://businesssearch.ohiosos.gov?=businessDetails/3928870 (last accessed February 15, 2022).
[5] *See* https://www.linkedin.com/company/giesen-management-associates-llc (last accessed February 15, 2022).

13.     At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r).

14.     At all times relevant, Defendants were an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15.     Defendants operate and control an enterprise engaged in commerce, with annual

gross volume of business exceeding $500,000.00.

16.     Defendant David Giesen is an employer pursuant to 29 U.S.C. § 203(d) in that he

is a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Giesen

Management, "in relation to employees," including Plaintiff and other members of the FLSA

Collective and Ohio Class. Defendant David Giesen is also an employer pursuant to O.R.C.

Chapter 4111 and Ohio Const. Article II, Section 34a, and had operational control over

significant aspects of Giesen Management's day-to-day functions, including compensation of

employees.

17.     Defendants were each employers of Plaintiff and other members of the FLSA

Collective and Ohio Class as each Defendant exercised the power to hire or fire employees;

supervised and controlled the employees' work or conditions of employment; determined

employees' rates and methods of payment; and maintained or were required to maintain records,

including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

18.     At all times relevant, Defendants were an enterprise within the meaning of 29

U.S.C. § 203(r). That is, Defendants perform related activities through unified operation and

common control for a common business purpose; namely, the operation of Defendants'

4

restaurant franchise locations. Defendants were individually and jointly "employers" within the meaning of the FLSA and Ohio law as to each Ohio restaurant franchise location.

19.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were "employees" of Defendants.

20.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' restaurant franchising business.

21.     Defendants share common management between restaurant franchise locations.

22.     Defendants share common ownership between restaurant franchise locations.

23.     Defendants share operational control over significant aspects of the day-to-day functions of Plaintiff and other members of the FLSA Collective and Ohio Class, including supervising and controlling Plaintiff's and other members of the FLSA Collective's and the Ohio Class's schedule and conditions of employment between restaurant franchise locations.

24.     Defendants share common personnel management and human resources personnel between restaurant franchise locations.

25.     Likewise, Defendants shared authority to hire, fire and discipline employees, including Plaintiff and other members of the FLSA Collective and Ohio Class between restaurant franchise locations.

26.     Defendants shared authority to set rates and methods of compensation of employees, including Plaintiff and other members of the FLSA Collective and Ohio Class, between restaurant franchise locations.

27.     Defendants shared control and maintenance of employment records between restaurant franchise locations.

28.     Defendants have shared and mutually benefitted from the work and services performed by Plaintiff and other members of the FLSA Collective and Ohio Class between restaurant franchise locations.

29.     Between restaurant franchise locations, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and other members of the FLSA Collective and Ohio Class.

30.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and other members of the FLSA Collective and Ohio Class between restaurant franchise locations.

31.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose between restaurant franchise locations.

32.     Between restaurant franchise locations, Defendants provide services and products to customers by using a set formula when conducting business.

33.     Part of that set formula is the unlawful deprivation of wages to their employees as outlined in this Complaint.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Non-Exempt Employment Statuses with Defendants

34.     Plaintiff Courtney Reagh was employed by Defendants from approximately December 2021 to February 2022 as an hourly employee. Defendants classified Plaintiff as a non-exempt hourly employee, and paid Plaintiff at an hourly rate during her employment.

35.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

36.      At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

37.     Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included handling products that were manufactured and/or distributed in interstate commerce that were necessary for Defendants' commercial purpose. Part of Plaintiff's and other members of the FLSA Collective's and the Ohio Class's job duties included utilizing the internet, text messaging applications, and other instrumentalities of interstate commerce on a regular basis.

### Defendants' Failure to Pay for All Overtime Hours Worked to Plaintiff and Other Members of the FLSA Collective and Ohio Class as a Result of Defendants' Unlawful Practices and Policies

38.     The FLSA and Ohio law required Defendants to pay overtime compensation to employees at the rate of one and one-half times their regular rate for the hours Plaintiff and other members of the FLSA Collective and Ohio Class worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

39.     Plaintiff and other members of the FLSA Collective and the Ohio Class frequently worked more than forty (40) hours in a single workweek.

*Defendants' Time Editing Practices and Policies*

40.     Defendants failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class for all time worked while they were clocked in and working, including during workweeks when they worked more than forty (40) hours, as a result of Defendants' unlawful time editing practices and/or policies.

41.     Plaintiff's and other members of the FLSA Collective's and the Ohio Class's time worked was regularly edited by upper management, resulting in less time paid than time worked. As a result of Defendants time editing of compensable time worked, Plaintiff and other members of the FLSA Collective and the Ohio Class were not paid for all hours worked, including overtime hours worked. *See* 29 U.S.C. § 207.

42.     Plaintiff and other members of the FLSA Collective and the Ohio Class are required to clock into a time keeping system at the start of their legally compensable workday, and out at the end of their legally compensable workday. However, Plaintiff's and other members of the FLSA Collective's and the Ohio Class's hours are instead paid based on modified, inaccurate and/or incomplete records submitted to payroll. These modified, inaccurate and/or incomplete records do not include compensable work performed for Defendants at the start, middle, and/or end of the legally compensable workday as a result of Defendants' time editing practices and/or policies.

43.     Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and the Ohio Class to work more than forty (40) hours per workweek, Defendants consistently failed to pay Plaintiff and other members of the FLSA Collective and the Ohio Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. *See* 29 C.F.R. § 785.11. Although hourly employees

8

including Plaintiff and other members of the FLSA Collective and the Ohio Class regularly complete tasks that are required by Defendants, are performed for Defendants' benefit, and constitute part of their principal activities and/or are integral and indispensable to their principal activities, hourly employees are not paid for all the time spent performing these tasks as a result of Defendants' time editing practices and/or policies. As a result, Plaintiff and other members of the FLSA Collective and the Ohio Class were not properly paid for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq*., and Ohio law, O.R.C. §§ 4111.03, 4111.10.

44.     Defendants' illegal pay practices were the result of systematic and company-wide policies originating at the upper management / executive level.

45.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' time editing practices and/or policies – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

### *Defendants' Unlawful "Break" Time Deduction Practices and Policies*

46.     Defendants regularly automatically deduct from employee hours worked each shift for a purported "break," usually in the amount of 15 minutes. Defendants automatically deduct 15 minutes, or other similar amounts, whether or not a break is actually taken.

47.     This systematic automatic "break" deduction policy and practice violates the FLSA and Ohio law in several ways.

48.     First, and most consequentially, pursuant to the FLSA and Ohio law, when Plaintiff and other members of the FLSA Collective and the Ohio Class took or, as here where

9

the breaks were automatically deducted, breaks of 19 minutes or less in duration the FLSA and

Ohio law required them to be paid for this time. As provided for by 29 C.F.R. § 785.18:

> Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. **They must be counted as hours worked.** Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time. (Emphasis added) (additional citation omitted).

49.    Second, Defendants' automatic break deduction policies and practices, which

result in the docking of compensable hours and pay, are a *per se* violation of the anti- time

docking regulations of the FLSA. 29 C.F.R. § 785.1. Defendants' automatic break deduction

policies and practices caused Defendants to violate the FLSA and the Department of Labor's

regulations by docking compensable hours worked and pay, and thereby failing to pay for all

hours suffered or permitted to work.

50.    Third, Defendants automatically deducted the "breaks" from hourly employees'

time worked despite the fact that Plaintiff and other members of the FLSA Collective and Ohio

Class regularly did not receive and/or take bona fide meal periods. As provided for by the FLSA,

29 C.F.R. § 785.19:

> Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. **The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.** For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating [and must be compensated for this time worked]. (Emphasis added) (additional citation omitted).

51.    During the time that Plaintiff and other members of the FLSA Collective and

Ohio Class had these automatic deductions applied they, among other things, attended to

customers, accessed and interacted with the company computer system(s), and/or performed the

duties they were required to perform during their shifts. The work Plaintiff and other members of the FLSA Collective and Ohio Class performed during these purported automatically deducted "breaks" was predominately for Defendants' benefit. Defendants' management employees and/or Plaintiff and other members of the FLSA Collective's and Ohio Class's supervisor(s) observed that Plaintiff and other members of the FLSA Collective and Ohio Class did not receive bona fide meal periods and/or performed work during these automatically added "breaks."

52.     Plaintiff and other members of the FLSA Collective and Ohio Class were denied significant amounts of wages and compensation because of Defendants' failure to pay Plaintiff and other members of the FLSA Collective and Ohio Class for the unlawfully automatically added "breaks." Because Plaintiff and other members of the FLSA Collective and Ohio Class did not have a bona fide meal period under the wage and hour laws and attendant regulations, *see* 29 C.F.R. § 785.19, Defendants were not permitted to make the automatic deductions regardless of the amount of time deducted.

53.     In summary, Defendants manually edited Plaintiff's and other similarly situated employees' time records to reflect that they took a "break" when no break was taken. Defendants further did not compensate Plaintiff and other members of the FLSA Collective and Ohio Class for short breaks of 19 minutes or less during the workday regardless of the reason for the break. Finally, Defendants deducted for "breaks" when Plaintiff and other members of the FLSA Collective and Ohio Class were not completely relieved from their job duties in order to reduce labor costs.

54.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' deductions

11

for "breaks" whether or not the "breaks" were actually taken, deductions for "breaks" that were 19 minutes or less in duration, and deductions for "breaks" when workers were not completely relieved from their job duties – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

### *Defendants' Straight Time for Overtime Practices and Policies*

55.     Instead of compensating Plaintiff and other members of the FLSA Collective and Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, during one or more workweeks, Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class their regular, straight time hourly rates for overtime hours worked.

56.     Although Defendants suffered and permitted Plaintiff and other members of the FLSA Collective and Ohio Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and other members of the FLSA Collective overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek as a result of Defendants' straight time for overtime policies and practices.

57.     As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not properly paid overtime for many of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

58.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and the Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendants' straight time pay for overtime hours worked policies and practices – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

12

***Defendants' Unpaid Training Time and Other Off the Clock Violations***

59.     Instead of compensating Plaintiff and other members of the FLSA Collective and Ohio Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, during one or more workweeks, Defendants did not pay Plaintiff and other members of the FLSA Collective and Ohio Class for off the clock training and other off the clock tasks.

60.     For example, throughout her employment, Defendants required Plaintiff and, upon information and belief, other members of the FLSA Collective and Ohio Class, to watch training videos and respond to and participate in non-de minimis work-related phone calls and text message conversations. Plaintiff and other members of the FLSA Collective and Ohio Class were not compensated for this compensable time spent working.

61.     Participation in the training was not outside normal hours, was not voluntary, and was job related. *See* 29 C.F.R. § 553.226. Responding to and participating in phone calls, text messages, and other off the clock tasks was also mandatory but not paid.

62.     Defendants' failure to compensate Plaintiff and other members of the FLSA Collective and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as a result of Defendant's off the clock practices and policies – constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, and corresponding Ohio law.

## **Defendants' Unjust Enrichment**

63.     In addition, Defendants were unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the FLSA Collective and Ohio Class. Defendants were unjustly enriched in that they induced

Plaintiff and other members of the FLSA Collective and Ohio Class to perform work for the benefit of Defendants and retained the benefit of this work without having paid for the same.

64.     For example, while Defendants represented to Plaintiff and other members of the FLSA Collective and Ohio Class that they would be paid at their hourly rates for all time spent working for Defendants, Defendants automatically deducted "breaks" when no breaks were taken, and edited time worked in the electronic timekeeping system to reflect less time worked for payroll and time payment purposes.

65.     Defendants arbitrarily and without prior notice modified Plaintiff's and other hourly employees' hours worked in the timekeeping system after the work was performed. At the end of the workday and/or workweek and after the work was performed, while operating under the understanding that they would be paid their hourly rates for all hours worked, Defendants arbitrarily and without prior notice deducted time worked from Plaintiff's and other members of the FLSA Collective's and Ohio Class's electronic time sheets. Plaintiff and other members of the FLSA Collective and Ohio Class were ultimately not paid for all time worked as a result of Defendants' time editing, docking or other time modification practices and policies.

66.     Although Plaintiff and other members of the FLSA Collective and Ohio Class satisfied the requirements of getting paid for all time worked – by virtue of working hours that Defendants were required to pay at the agreed, promised hourly rate – Plaintiff and other members of the FLSA Collective and Ohio Class were not paid for all hours worked in full as they were entitled.

67.     Defendants were unjustly enriched from Plaintiff and members of the FLSA Collective by failing and/or refusing to pay earned wages in both overtime and non-overtime weeks.

14

68.     However, while Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class worked for all the hours that were docked, deducted, and/or otherwise not paid by Defendants, Defendants nevertheless failed to pay for all hours worked as a result of Defendants' time deduction, off the clock, and other policies and practices resulting in less time paid than time actually worked.

69.     Defendants employ a policy or practice of failing and/or refusing to pay all earned hourly wages to employees. Defendants improperly and unlawfully retained hours worked and hourly wages rightfully earned and owed to Plaintiff and other members of the FLSA Collective and Ohio Class.

70.     Allowing Defendants to retain the benefits provided by Plaintiff and other members of the FLSA Collective and Ohio Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

71.     As a direct and proximate result of Defendants' unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and Ohio Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and Ohio Class but not paid by Defendants.

### Defendants' Record Keeping Violations

72.     The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours

worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2. Ohio law also provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

73.     Defendants failed to keep accurate records of hours worked of hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class. Thus, Defendants did not record or pay all hours worked in violation of the FLSA and Ohio law.

### The Willfulness of Defendants' Violations

74.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

75.     Defendants' systematic policies as alleged in this Complaint and applied in practice were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the overtime laws, or with a reckless disregard for whether or not the policies and practices were in violation of these laws. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to overtime pay under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required.

76.     In addition, O.R.C. § 4111.09 specifically provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep

16

a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the director of commerce, this conspicuously-placed posting includes the language: "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week, except for employers grossing less than $150,000 per year." Defendants therefore knew about the overtime requirements of the FLSA and Ohio law or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to overtime compensation.

77.     In addition, by denying Plaintiff and other members of the FLSA Collective and Ohio Class overtime compensation as required by the FLSA and Ohio law, Defendants' acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring overtime pay under Ohio and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the requirements of compliance as required.

78.     Plaintiff and other members of the FLSA Collective and Ohio Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260.

79.     Defendants intentionally, knowingly, and willfully circumvented the requirements of the FLSA and Ohio law.

80.     The above payroll practices resulted in overtime violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

17

## COLLECTIVE ACTION ALLEGATIONS

81.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

82.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

83.     The FLSA Collective consists of:

> All current and former hourly employees of Defendants from three years preceding the commencement of this action to the present who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek as a result of Defendants' straight time for overtime, time editing, off the clock, and/or break deduction policies and/or practices.

84.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

85.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

86.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the FLSA Collective consists of over 200 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

87.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

88.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the overtime laws of the State of Ohio and assert claims pertaining to Defendants' unjust enrichment (the "Ohio Class"), defined as:

> All current and former hourly employees of Defendants from two years preceding the commencement of this action to the present who (1) were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek as a result of Defendants' straight time for overtime, time editing, off the clock, and/or break deduction policies and/or practices; and/or (2) were not paid their hourly rate for all hours worked in any workweek as a result of Defendants' time editing, off the clock, and/or break deduction policies and/or practices.

89.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of 200 or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a.

90.     There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants' conduct as described above violates Ohio law governing payment of overtime compensation;

> Whether Defendants denied employees overtime compensation under Ohio law where, among other things, employees were not paid wages for their overtime hours worked;

Whether Defendants denied employees compensable time where, among other things, employees were not paid wages for their hours worked and Defendants were unjustly enriched by the worked performed by their hourly employees; and

What amount of monetary relief will compensate Plaintiff and other members of the Ohio Class for Defendants' violations of O.R.C. §§ 4111.03 and 4111.10, and Defendants' unjust enrichment.

91.     Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

92.     Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

93.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

94.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

95.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

96.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

97.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

98.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

99.     Defendants did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

100.     By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

101.     As a result of Defendants' violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

102.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

103.    Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03, on behalf of herself and other members of the FLSA Collective and Ohio Class.

104.    At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

105.    Defendants' failure to compensate overtime hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

106.    These violations of Ohio law injured Plaintiff and other members of the FLSA Collective and Ohio Class in that they did not receive wages due to them pursuant to that statute.

107.    Having injured Plaintiff and other members of the FLSA Collective and the Ohio Class, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] and for costs and reasonable attorney's fees as may be allowed by the court" under Ohio law. O.R.C. § 4111.10.

## COUNT THREE
### (Unjust Enrichment)

108.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

109. As hereinabove alleged, the terms of compensation established by Defendants promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the FLSA Collective and Ohio Class performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the FLSA Collective and Ohio Class were not paid the hourly rates they agreed to be paid for all hourly work completed but were instead paid less than agreed as a result of Defendants' time editing, off the clock and break deduction practices and/or policies.

110. Plaintiff and other members of the FLSA Collective and Ohio Class have fully performed work that ultimately benefitted Defendant but were not paid for this work performed.

111. Defendants have been unjustly enriched at the expense of Plaintiff and other members of the FLSA Collective and Ohio Class.

112. Defendants have retained the benefit of Plaintiff's and other members of the FLSA Collective's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendants to do so.

113. Allowing Defendants to retain the benefits provided by Plaintiff and other members of the FLSA Collective and Ohio Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust.

114. As a direct and proximate result of Defendants' unjust enrichment described herein, Plaintiff and other members of the FLSA Collective and Ohio Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the FLSA Collective and Ohio Class but not paid by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.     Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.     Award monetary relief to Plaintiff and other members of the FLSA Collective and Ohio Class in an amount sufficient to divest Defendants of the amounts gained by their unjust enrichment; and

F.     Award Plaintiff and other members of the FLSA Collective and Ohio Class compensatory damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*and*

24

*s/ Mark W. Biggerman*
Mark W. Biggerman (0064092)
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122
(216) 831-4935
(216) 831-9526 {fax}
mark@mblegal.com

*Attorneys for Plaintiff*


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)