UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| COURTNEY REAGH, on behalf of herself and other similarly situated persons,<br><br>PLAINTIFFS,<br><br>vs.<br><br>GIESEN MANAGEMENT ASSOCIATES, LLC, et al.,<br><br>DEFENDANTS. | CASE NO. 5:22-cv-266<br><br>JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case (Doc. No. 39 (Motion)), supported by the declarations of Ryan A. Winters (Doc. No. 39-5 (Winters Declaration)) and Mark W. Biggerman (Doc. No. 39-6 (Biggerman Declaration)). Because the Court finds that the settlement represents a fair resolution of plaintiffs' claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

## I. BACKGROUND

On May 19, 2022, plaintiff Courtney Reagh ("Reagh") filed an amended complaint, alleging that defendants Giesen Management Associates, LLC and David Giesen (jointly, "defendants") violated the FLSA and Ohio Minimum Fair Wage Standards Act by failing to pay her, and potential plaintiffs to the collective action,[1] all the overtime compensation to which they

---

1 In the months between the filing of the amended complaint and this order, the Sixth Circuit issued its opinion in *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, (6th Cir. 2023). The Sixth Circuit in *Clark* clarified that potential plaintiffs to an FLSA collective action differ from putative class members in important respects, and it cautioned against using the terms interchangeably. *Clark*, 68 F.4th at 1009–11. In her amended complaint, filed prior to the decision in *Clark*, Reagh alleges that she and members of a putative class were denied overtime in violation of

were entitled. (Doc. No. 39, at 9.) Defendants denied liability or wrongdoing of any kind. (*Id.* at 10.)

The parties initially engaged in extensive discovery, exchanged information about their respective positions, and engaged in informal settlement discussions. (*Id.* at 12.) The parties later engaged in formal mediation and exchanged employee time-logs and time-editing documents. (*Id.* at 14.) After completing their review and analysis of the time-logs and related editing documents, the parties reached a settlement and filed the instant motion asking the Court to approve said settlement. (*Id.*)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*,

---

Ohio Rev. Code § 4113.03. (Doc. No. 39, at 9. All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.) As such, parties refer to both putative class members and to potential plaintiffs throughout the pleadings. The settlement, and this order, apply to both the potential plaintiffs to the collective action under the FLSA and to the putative class members.

679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 39, at 20.) In particular, the parties disagreed on whether the covered workers were entitled to overtime in any

instance and, if so, the amount of missed overtime payments (*Id.*) The parties also disagreed about whether defendants were entitled to a good faith defense, and whether the defendants were joint employers for the purpose of an FLSA claim. (*Id.*)

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. (*See id*. at 21.) As such, the Court finds no risk of fraud or collusion. And, while the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

With respect to the monetary awards, the settlement agreement provides that the plaintiffs will likely recover 100% of any alleged unpaid overtime during the relevant period, and 100% of liquidated damages for the same. (Doc. No. 39, at 20.) The Court agrees with the parties that the anticipated individual settlement payments represent an excellent result. Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims. (*See id.* at 23.)

Additionally, the Court finds that the award of attorney's fees to plaintiffs' counsel, which is supported by the declarations filed by counsel, is reasonable, taking into consideration the course of proceedings and the successful outcome providing substantial relief to Reagh and other potential plaintiffs to the collective action. The Court first finds that the attorney's fees in this case are well below the lodestar amount as supported by the declarations of counsel, (*id*. at 30–31), and that the hourly rates charged are reasonable for experienced attorneys in this district. *See McKnight v. Erico Int'l Corp.*, No. 1:21-cv-01826, 2023 WL 2003276, at *13–14 (N.D. Ohio Feb. 8, 2023)

(finding hourly rates of $500, $425, and $400 for the same attorneys and the same firm to be reasonable and granting a 1.29 multiplier to the lodestar amount). While the value of the fees as a percentage of total recovery in this case may be higher than typically awarded by this Court, the fees were earned in the context of what is likely to be a full recovery for the plaintiffs. (Doc. No. 39, at 23.) Moreover, the Court notes that these fees were negotiated separately from the settlement payment to the plaintiffs. (*Id.* at 17.) The exceptional recovery in this case, the reduction in the total fees reflected by the lodestar calculation, and the fact that the fees were negotiated separately from the plaintiffs' award, support this Court's finding that the requested fees are fair and reasonable. *See Kritzer v. Safelite Sol., LLC*, No. 2:10-cv-0729, 2012 WL 1945144, *9–10 (S.D. Ohio May 30, 2012) (finding a fee award in excess of 50% of the total recovery to be reasonable based on the heavily contested nature of the litigation, exceptional recovery for the plaintiffs, and a significant reduction in attorney's fees compared to the lodestar calculation).

Finally, the settlement provides for a service award of $3,000 and $1,000 to the class representatives, Courtney Reagh and Claire Tillotson, respectively. (Doc. No. 39, at 25.) Reagh served as the representative plaintiff for defendants' Ohio employees and Tillotson served as the representative plaintiff for defendants' Colorado employees. (*Id.*) Such awards are common, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Reagh and Tillotson played an active role in assisting plaintiffs' counsel. (*See* Doc. No. 39, at 25.) As such, the Court approves the modest service award to the representative plaintiffs in recognition of their service in this action.

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 39.) The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: October 13, 2023

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**